# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON REYMUNDO, | CASE NO. 1:08-CV-01900-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (ECF NO. 3) |
| BOUHABEN, et al., | |
| Defendants. | |

**I.  Background**

    **A.  Procedural History**

Plaintiff Ramon Reymundo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on December 1, 2008, in the Central District of California.  This case was transferred to the Eastern District of California on December 10, 2008.  On April 6, 2009, the Court screened Plaintiff complaint and found that it stated cognizable claims against defendants Bouhaben and Roland for deliberate indifference in violation of the Eighth Amendment, but failed to state any other claims.  (Ct.'s Order, dated September 16, 2009, ECF No. 13.)  The Court ordered Plaintiff to file an amended complaint curing the deficiencies stated therein, or proceed only on the claims found to be cognizable.  On April 20, 2009, Plaintiff filed a first amended complaint which failed to state any claims.  On September 17, 2009, the Court ordered Plaintiff either to withdraw his first amended complaint and proceed on Plaintiff's original complaint, or file a second amended complaint.  (ECF No. 13.)  On October 5, 2009, Plaintiff

notified the Court that he would withdraw his first amended complaint and proceed on his original complaint. The Court issues the following screening order.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

### II. Summary Of Complaint

Plaintiff was formerly a state prisoner at Avenal State Prison ("ASP") in Avenal, California, where the acts he complains of occurred. Plaintiff names the following Defendants: floor officers Bouhaben, Roland, and A. Huerta; and Warden James D. Hartley.

Plaintiff alleges the following. On July 3, 2008, Plaintiff was moved from a low bunk to a top bunk by Defendants Bouhaben and Roland . Plaintiff had informed these Defendants that he had a history of seizures as listed on his bed card chrono and that he should not be moved to the top bunk. Plaintiff was ignored. On July 7, 2008, Plaintiff suffered a seizure while sleeping

and fell off the top bunk and hurt himself, suffering head and body trauma.  (Compl. 5, ECF No. 3.)

Plaintiff seeks permanent placement in a low bunk for the rest of his confinement and monetary damages.  (Compl. 6.)

### III.   Plaintiff's Claims

#### A.   *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names Defendants officer A. Huerta and Warden James Hartley, but fails to link them to any affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff alleges that defendant A. Huerta took full responsibility for Plaintiff's placement in the top bunk.  (Comp. 4.)  This is not sufficient to state a cognizable claim because taking "full responsibility" does not state what act or omission by Defendant A. Huerta caused the alleged violation.

Plaintiff also fails to state a cognizable claim against Defendant Hartley.  Plaintiff's allegations appear solely based on Defendant Hartley's supervisorial role.  Supervisory personnel

3

are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged any facts indicating that defendant Hartley personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen*, 885 F.2d at 646. Supervisory defendants are liable for their own misconduct, not for the misconduct of their subordinates. *Iqbal*, 129 S. Ct. at 1949.

      **B.**     *Eighth Amendment - Conditions of Confinement*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First,

4

the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at 1128.

Plaintiff has alleged sufficient facts to support a cognizable claim against Defendants Bouhaben and Roland for deliberate indifference in violation of the Eighth Amendment.

### IV.   Conclusion And Order

Plaintiff has stated a cognizable claim against Defendants Bouhaben and Roland for violation of the Eighth Amendment. Plaintiff fails to state any cognizable claims against Defendants A. Huerta and James Hartley. Plaintiff was provided with the opportunity to amend his complaint, curing the deficiencies identified herein, but Plaintiff notified the Court that he wishes to proceed only on the claims found to be cognizable in his original complaint.

Accordingly, it is HEREBY ORDERED that

1. This action proceed on Plaintiff's complaint, filed December 1, 2008, against Defendants Bouhaben and Roland for violation of the Eighth Amendment; and
2. Defendants A. Huerta and James Hartley are DISMISSED from this action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **July 1, 2010**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

5