# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON REYMUNDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HARTLEY, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:08-CV-01900-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT ROLAND FOR FAILURE TO EFFECT SERVICE OF PROCESS (DOC. 31)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Ramon Reymundo ("Plaintiff") is a former California state prisoner. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed December 1, 2008, against Defendants Bouhaben and Roland for violation of the Eighth Amendment. On July 30, 2010, the Court directed the United States Marshals Service to effect service of process on Defendant Roland. The United States Marshal was unable to effect service of process on Defendant Roland, and on October 19, 2010, the United States Marshal returned the summons unexecuted. Doc. 26. On May 20, 2011, the Court ordered Plaintiff to show cause within thirty days as to why Defendant Roland should not be dismissed from this action. Plaintiff failed to respond the Court's order.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Roland be dismissed without prejudice for Plaintiff's failure to effect service of process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 3, 2011**             /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE