1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  RAMON REYMUNDO, | CASE NO. 1:08-CV-01900-OWW-DLB PC |
| 10              Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S |
| 11       v. | MOTION TO DISMISS BE GRANTED (DOC. 28) |
| 12  JAMES HARTLEY, et al., | |
| 13              Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| 14  _____/ | |

15

16                                    **Findings And Recommendations**

17  **I.      Background**

18          Plaintiff Ramon Reymundo ("Plaintiff") is a former California state prisoner.  Plaintiff is

19  proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

20  This action is proceeding on Plaintiff's complaint, filed December 1, 2008, against Defendants

21  Bouhaben and Roland for violation of the Eighth Amendment.[1]  On December 9, 2010,

22  Defendant Bouhaben filed an unenumerated 12(b) motion to dismiss for Plaintiff's failure to

23  exhaust administrative remedies.  Doc. 28.  Plaintiff was ordered to file an opposition on May 20,

24  2011.  No opposition was filed.[2]  The matter is submitted pursuant to Local Rule 230(l).

25  _____

26          [1]Defendant Roland has not appeared in this action.

27          [2]  Plaintiff was provided with notice of the requirements for opposing an unenumerated
Rule 12(b) motion on July 30, 2010.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir.
28  2003); *see* Second Informational Order, Doc. 20.

## II.   Summary Of Complaint

The events at issue in this action occurred at Avenal State Prison.  On July 3, 2008, Plaintiff was moved from a low bunk to a top bunk by Defendants Bouhaben and Roland. Plaintiff had informed these Defendants that he had a history of seizures as listed on his bed card chrono and that he should not be moved to the top bunk. Plaintiff was ignored. On July 7, 2008, Plaintiff suffered a seizure while sleeping and fell off the top bunk and hurt himself, suffering head and body trauma.  Plaintiff alleged a violation of the Eighth Amendment.

## III.   Exhaustion Of Administrative Remedies

### A.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.   *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

**B.     Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  At the time the grievance was filed, the process was initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant Bouhaben contends that Plaintiff failed to exhaust available administrative remedies.  Mem. P. & A. Support Mot. Dismiss 4:18-24, Doc. 28-1.  Defendant contends that Plaintiff filed an inmate appeal regarding the claim.  *Id.*  Plaintiff's grievance was denied at the First Level of Review and not appealed further.  *Id.*  Defendant submits as an exhibit in support a declaration from N. Lopez, an appeals coordinator at Avenal State Prison, and inmate grievance No. ASP-M-08-2109.  N. Lopez Decl. ¶¶ 4-6 and Ex. A, Inmate Grievance No. ASP-M-08-2109.

Having reviewed Defendant's exhibits in support, the Court finds that Plaintiff failed to exhaust administrative remedies in this action.  Plaintiff filed inmate grievance No. ASP-M-08-2109, which concerned the incident in question, on July 7, 2008.  Plaintiff's appeal was denied on September 12, 2008.  There is no record that the grievance was appealed further.  N. Lopez Decl. ¶ 4.  No other grievances regarding this claim were submitted.

The Court finds that Plaintiff failed to exhaust administrative remedies as to his claim in

1  this action.  The proper remedy is dismissal without prejudice.  *Wyatt*, 315 F.3d at 1119-20.

2  **IV.**    **Conclusion And Recommendation**

3        Based on the foregoing, it is HEREBY RECOMMENDED that:

4        1.    Defendant Bouhaben's motion to dismiss, filed December 9, 2010, should be

5              GRANTED in full;

6        2.    This action be dismissed without prejudice for Plaintiff's failure to exhaust

7              administrative remedies pursuant to 42 U.S.C. § 1997e(a);

8        3.    Defendant Bouhaben be dismissed from this action; and

9        4.    The Clerk of the Court be directed to close this action.

10       These Findings and Recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

12  **days** after being served with these Findings and Recommendations, the parties may file written

13  objections with the court.  Such a document should be captioned "Objections to Magistrate

14  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

15  within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

16  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

17

18       IT IS SO ORDERED.

19     Dated:    **August 3, 2011**           _____ /s/ **Dennis L. Beck** _____
                                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                              4